United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LEON MAROTZ,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

        Defendants.

Case No.  14-cv-04494-JCS

**ORDER GRANTING IN PART MOTION TO DISMISS**

Re: Dkt. No. 12

## I.    INTRODUCTION

Plaintiff William Leon Marotz, proceeding pro se, filed this action in state court against Defendants City and County of San Francisco (the "City"), San Francisco City Attorney's Office, City Attorney Dennis Herrera, and Investigator Brian Cauley.  Defendants removed to this Court and now move to dismiss Marotz's Complaint in its entirety.  The Court took Defendants' Motion under submission without a hearing on February 11, 2015.  *See* dkt. 20.  For the reasons stated below, the Court GRANTS Defendants' Motion in part and DISMISSES Marotz's federal claims with leave to amend.[1]

If Marotz wishes to file an amended complaint, he must do so **no later than April 1, 2015**. The Court declines to exercise jurisdiction over Marotz's state law claims unless Marotz is able to adequately state a federal claim, and thus does not reach Defendants' arguments regarding the state law claims at this time.  If Marotz fails to timely and adequately amend his Complaint to state one or more federal claims, his state law claims will be remanded to state court for further proceedings.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II.    BACKGROUND

### A.    Marotz's Complaint

Marotz's Complaint primarily concerns three incidents that occurred when he visited the San Francisco City Attorney's office "between the dates February 13th 2008 and March 20[th] 2014." Compl. (dkt. 1-1) ¶ 7. On the first occasion, Defendant Cauley "physically and brutally attacked plaintiff in [the] public reception area of said City Attorneys Office, forcing him into [an] elevator without cause, and saying to plaintiff 'only respectable people have the right to the process' and 'you obviously do not qualify because your [sic] a low life crazy bum.'" *Id.* ¶ 9. The date of this encounter is not entirely clear, although the Complaint suggests that it occurred on February 13, 2008. *See id.*

On the second occasion, Cauley again verbally abused Marotz and physically removed him from the reception area. *Id.* ¶ 10. Cauley told Marotz that he was "an idiot" and that he should "climb back under the rock [he] came from," and stated, "you show up here again I'll have you arrested and thrown back in prison where you belong." *Id.* Marotz alleges that Cauley was seeking to protect several San Francisco police officers who were Cauley's "friends and associates," and who were the subject of other lawsuits that Marotz had filed. *Id.* The Complaint does not provide a date for this encounter.

The third incident occurred on or about March 20, 2014, when Marotz again visited the City Attorney's office. *Id.* ¶ 12. Upon seeing Marotz, Cauley "walk[ed] directly to within inches of plaintiff, lean[ed] into plaintiff, forcing plaintiff to fall backwards into [a] chair . . . and standing in front of seated plaintiff in an agditated [sic] and threatening manner sa[id] 'your [sic] lucky to be alive scumbag,' 'you should be in jail,' and 'when are you going to quit?'" *Id.* A receptionist in the office who observed this interaction told Cauley to "leave him alone," and that "your job is not that." *Id.*

Marotz alleges that these incidents constitute Fourth, Fifth, and Fourteenth Amendment violations actionable under 42 U.S.C. § 1983, as well as trespass, assault, forgery, conspiracy, and racketeering. *See, e.g.*, *id.* ¶ 14 & p. 14. He also claims that the City, the City Attorney's Office, and Herrera are liable for enabling, ratifying, and failing to prevent Cauley's conduct. *See id.*

¶¶ 20−31, (A)−(G), (a)−(f).

Marotz claims that he suffered "extreme emotional anguish, psychological pain and suffering, nervousness, fear, humiliation, [and] stigma," that Cauley's conduct changed Marotz's status in the community "from law abiding workingman, to suspect, persona non grata," and that he was forced into homelessness as a result.  *E.g.*, *id.* ¶ 10 & p.17.  Marotz seeks four million dollars in damages.  *Id.* pp. 17−18.

**B.    Procedural History**

Marotz filed his Complaint in the California Superior Court for the County of San Francisco on September 10, 2014.  *See generally id.*  The City—the only defendant initially served—filed an Answer on September 26, 2014, denying all allegations of the Complaint and asserting affirmative defenses.  *See* Answer (dkt. 1-2).  The City removed to this Court on October 10, 2014, and all Defendants moved to dismiss on January 9, 2015.  *See* Notice of Removal (dkt. 1); Mot. (dkt. 12).  The Court took the Motion under submission without a hearing on February 11, 2015.  *See* dkt. 20.

**C.    The Parties' Arguments**

**1.    Federal Claims**

The parties appear to agree that the only federal claims raised by Marotz's Complaint are pursuant to 42 U.S.C. § 1983 for violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United State Constitution.  Because Marotz explicitly withdrew all Fifth Amendment claims in his Opposition, *see* Opp'n (dkt. 18) at 6, this Order addresses only the arguments regarding his Fourth and Fourteenth Amendment claims.

Defendants argue that the statute of limitations bars Marotz's § 1983 claims except as to his third encounter with Cauley, which occurred on March 20, 2014.  Mot. at 4.  Defendants contend that California's two-year statute of limitations for personal injury claims applies to Marotz's § 1983 claims, and the Complaint fails to adequately specify whether the first two incidents occurred within that period.  *Id.*  Marotz argues in response that because he is a pro se litigant alleging government misconduct, the statute of limitations should be waived.  Opp'n at 6.

With respect to the substance of Marotz's claims, Defendants argue that the Fourth

Amendment is not applicable because Cauley was not a law enforcement officer authorized to use force. Mot. at 4−6. Marotz contends that "although . . . CAULEY was not a police officer, he took it upon himself to police the lobby," and the Fourth Amendment therefore applies. Opp'n at 6. Defendants seize on this as a concession that Cauley was not a law enforcement officer. Reply (dkt. 19) at 4−5.

Defendants argue that Marotz has not stated a Fourteenth Amendment substantive due process violation because the conduct described in his Complaint does not shock the conscience. Mot. at 6. Defendants rely on *Williams v. Berney*, 519 F.3d 1216 (10th Cir. 2008), in which the Tenth Circuit held that a city kennel inspector's physical assault on two private citizens did not rise to the level of a substantive due process violation. Reply at 5−6. Marotz "believes [Cauley's conduct] rises to the level of shocking the conscience," but provides no substantive argument as to why that is so. Opp'n at 6−7.

Defendants also contend that Marotz has not met the standard for pleading supervisory liability for unlawful policies and practices under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Mot. at 8. Marotz responds that the Court should "acknowledge that defendant DENNIS HERRERA [sic] willingly or unwillingly, wittingly or unwittingly allowed supported [sic] the reoccurring violations," and that the importance of the purported violations justifies allowing him to proceed on a theory of supervisory liability in order "to protect this community." Opp'n at 7−8.

### 2.  State Law Claims

Defendants argue that Marotz has not adequately pled any state law claims because he has not alleged compliance with California's government claims exhaustion requirements. Mot. at 4 (citing Cal. Gov't Code §§ 910 *et seq.*); *see also* Reply at 3 (citing *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234 (2004)) . Marotz "believes compliance with government code claim provisions not necessary as the courts have ruled it unfair that the defendant entity should be allowed to create obstacles/provisions that are created only to deter pro se litigants." Opp'n at 6.

Defendants also argue that Marotz has not sufficiently alleged the elements of claims for trespass, defamation, conspiracy, or racketeering. Mot. at 6−7. Marotz responds that the Court

4

should recognize a claim for "trespass in its common law sense," based on the allegations that Cauley assaulted Marotz and "forc[ed] him to go where he did not want to go." Opp'n at 7. Marotz's arguments regarding defamation and conspiracy generally restate the allegations of his Complaint, and he does not address Defendants' arguments regarding his racketeering claims. *Id.* at 7. Defendants do not appear to challenge Marotz's assault claims (except based on the government claims requirement), and neither party discusses the Complaint's occasional conclusory references to forgery.

## III.   ANALYSIS

### A.   Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

5

1   assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2   Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient

3   factual allegations to "allow[] the court to draw the reasonable inference that the defendant is

4   liable for the misconduct alleged." *Id.*  (quoting *Twombly*, 550 U.S. at 570).

5        In this case, one defendant—the City—had previously filed an Answer in state court

6   before removing the case and filing the present Motion in this Court.  Under the Federal Rules of

7   Civil Procedure, a motion to dismiss pursuant to Rule 12(b)(6) "must be made before pleading if a

8   responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Defendants' 12(b)(6) Motion is therefore

9   untimely as to the City because the City had already filed a responsive pleading.  However, the

10  Federal Rules also allow a party to move for judgment on the pleadings "[a]fter the pleadings are

11  closed" under Rule 12(c).  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is 'substantially

12  identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine

13  whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"

14  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The Court therefore construes

15  Defendants' Motion, to the extent that it is brought by the City, as a motion for judgment on the

16  pleadings.  Because there is no substantial difference in analysis, and for consistency with the

17  parties' terminology, this Order refers to the present Motion as a motion to dismiss.

18       Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

19  "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*

20  *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a

21  pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

22  complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

23  2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

24  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court

25  must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

26  litigant uses the opportunity to amend effectively."  *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

27  1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant

28  will likely repeat previous errors."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

1  Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

2       **B.    Section 1983 Claim**

3       Marotz purports to state a claim under 42 U.S.C. § 1983. Section 1983 creates a cause of

4  action against a "person who, under color of any [state law], subjects, or causes to be subjected,

5  any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution

6  and laws." 42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights; rather it is the

7  vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*,

8  297 F.3d 930, 934 (9th Cir. 2002).  A plaintiff bringing a claim under § 1983 must show that "(1)

9  the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a

10 constitutional right or federal statutory right." *Id.* (citation omitted).  "In order for a person acting

11 under color of state law to be liable under section 1983 there must be a showing of personal

12 participation in the alleged rights deprivation: there is no respondeat superior liability under

13 section 1983." *Id.*

14       **1.    Marotz Has Failed to Allege That the First Two Incidents Occurred Within
             the Statute of Limitations**

15       The statute of limitations for claims under § 1983 is governed by 42 U.S.C. § 1988, which

16 provides that courts should borrow applicable state law to fill gaps in the federal statutory scheme.

17 *See* 42 U.S.C. § 1988(a).  "[Section] 1988 does not, however, offer any guidance as to which state

18 provision to borrow." *Owens v. Okure*, 488 U.S. 235, 239 (1989).  In order to minimize confusion

19 that had previously reigned regarding the appropriate statute of limitations for § 1983 claims, the

20 Supreme Court established a rule that "[b]ecause '§ 1983 claims are best characterized as personal

21 injury actions,' . . . a State's personal injury statute of limitations should be applied to all § 1983

22 claims." *Id.* at 240−41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).  In California,

23 personal injury actions are generally subject to a two-year statute of limitations.  Cal. Civ. Proc.

24 Code § 335.1; *see also id.* § 342 (referencing Cal. Gov't Code § 945.6).

25       Because Marotz filed his Complaint on September 10, 2014, the statute of limitations for

26 his § 1983 claim extends back to September 10, 2012.  The allegations of his Complaint establish

27 only that the last of his three visits to the City Attorney's office occurred during that period.  If

28

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    either of the two earlier visits occurred during the limitations period, Marotz should amend his

2    Complaint to state when they occurred.  Without any indication that they occurred during that

3    period, those incidents cannot form the basis for a § 1983 claim.

4          In his Opposition, Marotz asks the Court "for all protections afforded Pro Se litigants in

5    Chapter 42 SECTION 1983 in this serious lawsuit seeking damages for police misconduct which

6    allows time limitation waivers in these types of cases."  Opp'n at 6.  The Court is aware of no

7    authority permitting a blanket exception to the statute of limitations in pro se police misconduct

8    cases brought under § 1983.  Courts routinely apply statutes of limitations against pro se plaintiffs.

9    *See, e.g.*, *Maxfield v. Fairall*, 487 F. App'x 404 (9th Cir. 2012) (affirming dismissal of a pro se

10    § 1983 claim based on the statute of limitations); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.

11    2009) (applying the statute of limitations and determining that the pro se plaintiff's complaint was

12    timely filed within the limitations period).  While the mere fact that Marotz is unrepresented is not

13    sufficient to disregard the statute of limitations, Marotz may amend his Complaint if he is aware of

14    other facts that would support tolling the limitations period in this case.

### 2. Marotz's Allegations Regarding the Third Incident Do Not State a Violation of Constitutional Rights

17    Marotz's Complaint describes his third confrontation with Cauley as follows:

> The third occasion, on or about the date March 20th 2014 at approximately 1:00 pm plaintiff William Leon Marotz again walking into San Francisco City Attorney's Office 1390 Market Street Fox Plaza 7th Floor, the City and County of San Francisco, in the State of California, is seen by defendant investigator Brian Cauley, who comes out from secured non public area into public reception area and walks directly to within inches of plaintiff, leans into plaintiff, forcing plaintiff to fall backwards into chair along wall that is adjacent and west of reception window, and standing in front of seated plaintiff in an agditated [sic] and threatening manner says "your [sic] lucky to be alive scumbag," "you should be in jail," and "when are you going to quit?"

24    Compl. ¶ 12.  Although the alleged conduct may have been inappropriate, these allegations do not

25    support a constitutional claim under either the Fourth or Fourteenth Amendment.[2]

---

[2] Marotz's Complaint also invoked the Fifth Amendment as a basis for his § 1983 claim, but his Opposition "withdraws all references to 5th Amendment violations."  Opp'n at 6.  Neither the Complaint nor Marotz's Opposition present any other potential bases for his § 1983 claim.

a. **Fourth Amendment**

"The Fourth Amendment covers only 'searches and seizures' . . . ." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Because there is no indication in the Complaint or suggestion in the briefs that Cauley "searched" Marotz within the meaning of the Fourth Amendment, the Court examines whether the Complaint sufficiently alleges an unconstitutional seizure. A seizure "in the constitutional sense . . . occurs when there is a restraint on liberty to the degree that a reasonable person would not feel free to leave." *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003). "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).

Defendants assert that the Court should not analyze this case in the context of the Fourth Amendment because Cauley was not authorized to use force, as evidenced by the fact that inspectors for a city attorneys' office are not listed as peace officers or granted the authority to make arrests under California law. Mot. at 4−6 (citing Cal. Penal Code §§ 830−830.7). Defendants cite two out-of-circuit cases for the proposition that only law enforcement officers are subject to the Fourth Amendment. *See* Mot. at 5 (citing *Williams v. Berney*, 519 F.3d 1216, 1219 (10th Cir. 2008); *Rodriguez v. Phillips*, 66 F.3d 470, 475 (2d Cir. 1995)); Reply at 4−5 (citing *Williams*, 519 F.3d at 1219). To the extent that those cases can be read as supporting that rule— which, having reviewed the cases, the Court finds far from clear—it is not good law in this circuit.

In *Doe*, the Ninth Circuit squarely rejected the argument that only law enforcement officers can violate the Fourth Amendment:

> Keala argues that the Fourth Amendment should not apply because this case does not involve a law enforcement official acting in an investigatory capacity. The Fourth Amendment applies, however, to government conduct motivated by "investigatory *or administrative* purposes." *See United States v. Attson*, 900 F.2d 1427, 1430–31 (9th Cir. 1990) (emphasis added). Keala was a school administrator performing an administrative function by disciplining Doe and maintaining order in the school. *See* [*Wallace ex rel. Wallace v. Batavia Sch. Dist. 101*, 68 F.3d 1010, 1013 (9th Cir. 1995)]. His conduct is therefore within the scope of the Fourth Amendment.

*Doe*, 334 F.3d at 909. The Supreme Court has also "never limited the Amendment's prohibition on unreasonable searches and seizures to operations conducted by the police." *New Jersey v. T.L.O.*, 469 U.S. 325, 335 (1985) (discussing Supreme Court precedent applying the Fourth

United States District Court
Northern District of California

9

1  Amendment to other government actors such as firefighters and building inspectors).

2        In this circuit, "[t]he general . . . rule is that non-law enforcement government actors come

3  within the purview of the Fourth Amendment only when their searches or seizures of individuals

4  have no other purpose but to aid the government's investigatory or administrative functions."

5  *Wallace*, 68 F.3d at 1013 (citing *Attson*, 900 F.2d 1427).  In other words, "governmental conduct

6  which is not actuated by an investigative or administrative purpose will not be considered a

7  'search' or 'seizure' for purposes of the fourth amendment."  *Attson*, 900 F.2d at 1431.

8        Marotz's Complaint fails to allege facts supporting a plausible conclusion that Cauley was

9  motivated by any investigatory or administrative purpose during their third interaction.[3]  Instead,

10  the implication of the Complaint is that Cauley acted out of personal malice or frustration.  The

11  Court can discern no investigatory or administrative purpose served by the intimidating

12  confrontation described in the Complaint.  Without such a purpose, the Fourth Amendment is not

13  implicated and cannot give rise to a § 1983 claim.  *See Attson*, 900 F.2d at 1431.

14        Moreover, the brief verbal and possibly physical confrontation alleged in the Complaint

15  does not describe a Fourth Amendment seizure.  The Seventh Circuit's decision in *McCoy v.*

16  *Harrison*, 341 F.3d 600 (7th Cir. 2003), is instructive.  The opinion in that case describes the

17  relevant facts as follows:

18          According to [Plaintiff] McCoy, as [Defendant] Harrison attempted
        to open the gate of one of the kennels, she reached with her left hand

19          to slam the gate shut, and "[t]hat's when he took his right hand and
        backhanded me on my face." McCoy fell to the ground and, when

20          she looked up, Harrison was standing over her with "his hand dug
        into my right arm, four fingernail marks in my right arm just

21          clenching his hand into my arm." After that, McCoy stated that "he
        let me go and just walked . . . back down the driveway." Harrison

22          left and McCoy called the police.

23  *McCoy*, 341 F.3d at 603.  The district court granted summary judgment on the basis that no

24  seizure occurred, and the Seventh Circuit affirmed.  *Id.* at 604, 606.  According to the Seventh

25  Circuit, Harrison did not "seize" McCoy within the meaning of the Fourth Amendment even when

26  

27          [3] Because Marotz's present Complaint does not adequately state that the two earlier incidents

28  occurred within the statute of limitations, the Court does not address whether those interactions
implicate the Fourth Amendment.

United States District Court
Northern District of California

he knocked her to the ground and grabbed her arm, because there was "no evidence to show he intended to or did acquire physical control over her person, . . . nor was there a show of authority and restraint of McCoy's movements." *Id.* at 606 (citing *Brower*, 489 U.S. at 596; *California v. Hodari D*, 499 U.S. 621, 626 (1991)).

In the present context—a motion to dismiss—the Court looks to the allegations of the Complaint rather than to evidence.  Other than that procedural distinction, however, the alleged facts of this case are similar to those of *McCoy*.  Marotz alleges a confrontation that resulted in him falling into a chair, but there is no allegation that Cauley "intended to or did acquire physical control over [Marotz's] person," or that Cauley engaged in "a show of authority and restraint of [Marotz's] movements." *See id.*  Further weighing against finding a seizure, the previous incidents where Cauley allegedly removed Marotz from the reception area by force tend to cut against any possible conclusion that "a reasonable person [in Marotz's position] would not feel free to leave." *See Doe*, 334 F.3d at 909.  Those earlier interactions instead tend to suggest that Cauley likely *wanted* Marotz to leave.

Marotz may amend his Complaint to pursue a Fourth Amendment claim if he is aware of facts supporting a plausible conclusion that Cauley restrained him in a manner such that "a reasonable person would not feel free to leave," *id.*, and that Cauley's conduct during this interaction "ha[d] no other purpose but to aid the government's investigatory or administrative functions." *See Wallace*, 68 F.3d at 1013.

### b.  Fourteenth Amendment

With respect to the Fourteenth Amendment, the Supreme Court has "made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Lewis*, 523 U.S. at 848.  Instead, "in a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 848 n.8.  "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).  Further, "[t]he protections of

United States District Court
Northern District of California

1    substantive due process have for the most part been accorded to matters relating to marriage,

2    family, procreation, and the right to bodily integrity," *Albright v. Oliver*, 510 U.S. 266, 272

3    (1994), which "likely represent the outer bounds of substantive due process protection," *Nunez*,

4    147 F.3d at 871.[4]

5          Marotz alleges that Cauley "walk[ed] directly to within inches of plaintiff, lean[ed] into

6    plaintiff, forcing plaintiff to fall backwards into [a] chair," and proceeded to threaten and insult

7    him.  Compl. ¶ 12.  Drawing all inferences in Marotz's favor, this is likely sufficient to allege that

8    Cauley made physical contact—although it could also be read as merely an invasion of personal

9    space.  Regardless, the allegations do not support a conclusion that Cauley's conduct was "so

10   egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *See*

11   *Lewis*, 523 U.S. at 848 n.8.

12         A number of courts have held that allegations of battery are not sufficient to give rise to a

13   substantive due process violation.  *E.g.*, *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048−49 (11th

14   Cir. 2002); *DeGroote v. City of Mesa*, No. CV07-1969-PHX-MHM, 2009 WL 485458, at *4 (D.

15   Ariz. Feb. 26, 2009) (Murguia, J.) (citing *Dacosta* and granting motion to dismiss).  The Tenth

16   Circuit in *Williams* followed this line of cases, while recognizing that a "combination of *serious*

17   *physical abuse* and the assaulting official's *use of official authority* to force the victim to submit

18   can shock the conscience."  *Williams*, 519 F.3d at 1223 (emphasis added) (citing *Wudke v. Davel*,

19   128 F.3d 1057, 1059−63 (7th Cir. 1997)).

20         In his Opposition, Marotz states that he "believes the[] actions by defendant Investigator

21   BRIAN CAULEY rise[] to the level of shocking the conscience."  Opp'n at 6−7.  Marotz's

22   personal belief is not sufficient.  *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 888 (2009)

23   (characterizing the substantive due process test of *Lewis* as an "objective standard").  Although no

24   party has cited Ninth Circuit authority on point, the Court agrees with the cases discussed above

25   that something more than battery alone is needed to state a constitutional claim for deprivation of

26   substantive due process.  A government employee "lean[ing] into" and verbally berating a member

27

28   _____
     [4] Nothing in Marotz's Complaint or Opposition suggests that he is pursuing a procedural, as
     opposed to substantive, due process claim.

United States District Court
Northern District of California

1    of the public, while inappropriate in most circumstances and potentially actionable under state law

2    as assault or battery, is not so egregious or outrageous as to shock the conscience.[5]  To hold

3    otherwise would disregard the Supreme Court's admonition that the Fourteenth Amendment "does

4    not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for

5    injuries that attend living together in society."  *Lewis*, 523 U.S. at 848 (quoting *Daniels v.*

6    *Williams*, 474 U.S. 327, 332 (1986)).  The Court therefore concludes that Marotz has not

7    adequately alleged any violation of the Fourteenth Amendment's guarantee of substantive due

8    process.  Marotz may amend his Complaint if he is aware of additional facts supporting the

9    conclusion that his right to substantive due process was violated.

10                                  * * *

11        The factual allegations of Marotz's Complaint do not support a plausible conclusion the

12    Defendants caused him any "deprivation of a constitutional right or federal statutory right" within

13    the applicable statute of limitations.[6]  *See Jones*, 297 F.3d at 934.  Because Marotz's Complaint

14    fails to adequately allege that a violation occurred, the Court need not reach the parties' arguments

15    regarding whether the supervisory defendants (i.e., defendants other than Cauley) could be held

16    liable for such a violation.  The Court therefore DISMISSES Marotz's § 1983 claim with leave to

17    amend.

18    **C.     State Law Claims**

19        Marotz's remaining allegations appear to be based on state law.[7]  Where an action includes

20

21        [5] As with the Fourth Amendment analysis above, the analysis here is limited to Marotz's third encounter with Cauley.  The Court does not reach the question of whether the first two incidents,

22    which are not alleged to fall within the statute of limitations, reach the threshold of violating substantive due process.

23        [6] Because Marotz's Complaint fails to state a claim that any such violation occurred, the Court does not reach Defendants' challenge to Marotz's theory of supervisory liability for such a

24    violation.  *See* Mot. at 8−9.  If Marotz chooses to amend his Complaint, he may wish to consider Defendants' arguments regarding the adequacy of his present claims against the City.

25        [7] To the extent that the references to "rackateering" (sic) in Marotz's Complaint, *see, e.g.*, Compl. ¶¶ 14−15, could be construed as invoking the federal Racketeer Influenced and Corrupt

26    Organizations (RICO), the Court finds that Marotz has abandoned any such claim by failing to respond in his Opposition to the arguments in Defendants' Motion regarding the deficiencies of

27    his racketeering claims.  Further, the Complaint includes no factual allegations supporting any predicate act to RICO liability.  *See* 18 U.S.C. § 1961(1) (defining "racketeering activity").  If

28    Marotz wishes to pursue a RICO claim, he should include more specific allegations to support such a claim in his amended complaint.

United States District Court
Northern District of California

both state and federal claims, federal courts have jurisdiction over state law claims "so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).[8]  However, a court "may decline to exercise supplemental jurisdiction over a [state] claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c).  Based on this principle, a "district court has discretion 'to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain' when doing so 'serves the principles of economy, convenience, fairness, and comity.'"  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1149 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345, 357 (1988)).

Having dismissed Marotz's federal § 1983 claims, the Court declines to exercise supplemental jurisdiction over his state law claims and thus does not reach the parties' arguments regarding those claims.  Marotz originally brought this action in state court, and if he is unable to amend his Complaint to adequately state a § 1983 claim, no federal issues are implicated.  Further, those claims implicate issues of state law not sufficiently briefed by the parties, such as whether Cauley's alleged interactions with Marotz were sufficiently within the scope of Cauley's duties as a public employee to trigger California's government claims requirements.  *See* Cal. Gov't Code § 950.2.  Accordingly, if Marotz does not timely and adequately amend his Complaint to state a federal claim, the case will be remanded to the state court for further proceedings.  *See Tsao*, 698 F.3d at 1149.  If Marotz chooses to amend his Complaint, however, he should consider Defendants' arguments regarding the deficiencies of his state law claims.

## IV.   CONCLUSION

For the reasons stated above, Marotz's § 1983 claims are DISMISSED with leave to amend.  If he is aware of facts supporting a federal claim and wishes to file an amended complaint, he may do so **no later than April 1, 2015.**  The first amended complaint must include the caption

---

[8] No jurisdictional basis for Marotz's state law claims other than § 1367 is apparent in this case.  All parties are citizens of California, so diversity jurisdiction is not available under 28 U.S.C. § 1332.

United States District Court
Northern District of California

1    and civil case number used in this Order (14-cv-04494-JCS) and the words FIRST AMENDED

2    COMPLAINT on the first page.  Because an amended complaint completely replaces the previous

3    complaint, any amended complaint must include all the claims Marotz wishes to present and all of

4    the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  An

5    amended complaint may not incorporate material from the prior complaint by reference, and must

6    address the deficiencies discussed above.

7          If Marotz chooses not to amend his federal claims, or fails to adequately do so, this case

8    will be remanded the California Superior Court for the County of San Francisco for further

9    proceedings.

10          **IT IS SO ORDERED.**

11    Dated: March 2, 2015

12

13                            JOSEPH C. SPERO
                            Chief Magistrate Judge

United States District Court
Northern District of California

15